IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SOUTHERN DISTRICT OF MISSISSIPPI**
**FILED**
**APR 15 2016**
BY_____
ARTHUR JOHNSTON
_____ DEPUTY

HEATH MAY                                                        PLAINTIFF

VS.                                    CASE NO.: 3:16-cv-281 CWR-FKB

CAPITAL CITY SECURITY, INC. and
CISSYE L. CARTHAN. INDIVIDUALLY                    DEFENDANTS

---

## COMPLAINT & DEMAND FOR JURY TRIAL

---

COMES NOW the Plaintiff, HEATH MAY (hereinafter "Plaintiff"), by and through counsel of record, and files this Complaint against his former employers, CAPITAL CITY SECURITY, INC. (hereinafter "Capital City Security"); and CISSYE L. CARTHAN, INDIVIDUALLY (hereinafter "Carthan"), (collectively "Defendants") for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and in support thereof states as follows:

### NATURE OF LAWSUIT

1.      The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of

commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.      This action is brought under the FLSA to recover overtime compensation, damages associated with an unlawful termination, liquidated damages, and reasonable attorneys' fees and costs from Defendants.

3.      Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

6.      Venue is proper in this Court because Plaintiff either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

7.      The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8.     Plaintiff Heath May was employed as a Security Guard by Defendants and performed related activities for Defendants in and around Hinds County, Mississippi.

9.     Defendant Capital City Security, Inc. is a corporation that operates and conducts business in and around Hinds County, Mississippi.  It is headquartered at 4915 I-55 North, Suite 207-B, Jackson, Mississippi 39206.

10.     Defendant Cissye L. Carthan is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Hinds County, Mississippi

11.     At all times relevant to this action, Cissye L. Carthan, is an individual resident of the State of Mississippi, who owns and operates Capital City Security, Inc., and who regularly exercises the authority to: (a) hire and fire employees of Capital City Security, Inc.; (b) determines the work schedules for the employees of Capital City Security, Inc.; and (c) controls the finances and operations of Capital City Security, Inc.; and, by virtue of having regularly exercised that authority on behalf of Capital City Security, Inc., Cissye L. Carthan is an employer as defined by 29 U.S.C. §201, *et seq.*

## COVERAGE

12.     At all material times hereto (2013 – 2016), Plaintiff was an "employee" within the meaning of the FLSA.

13.     At all material times hereto (2013 – 2016), Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

14.     At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

3

15.     At all material times hereto (2013 – 2016), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16.     At all material times hereto (2013 – 2016), Defendant Capital City Security, Inc. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17.     Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

18.     At all material times hereto (2013 – 2016), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, tools and equipment, etc.

19.     At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that they:

        a.      Operated instrumentalities of commerce;

        b.      Transported goods in commerce;

        c.      Used channels of commerce;

        d.      Communicated across state lines; and/or

        e.      Performed work essential to any of the preceding activities.

20.     At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendants.

21.     At all material times hereto (2013 – 2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

22.     Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

23.     Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

24.     Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

25.     Defendants operate a security company that provides a full range of security guard services in Mississippi and surrounding states.  Defendants provide its services at apartments, automobile dealerships, churches, hospitals, office buildings, plants and warehouses, media stations, shopping centers, schools and truck terminals.

26.     Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

27.     Plaintiff Heath May worked for Defendants as a non-exempt security guard from approximately January 1, 2015 through March 1, 2016.

28.    Plaintiff's regular rate of pay was set at $7.75 per hour by Defendants.

29.    Plaintiff routinely worked over forty (40) hours in a given workweek; however, he was not compensated at a rate of time and one-half for those overtime work hours.

30.    Specifically, Plaintiff routinely worked over fifty (50) hours in a given workweek during his employ with Defendants.

31.    Rather than pay Plaintiff overtime compensation at a rate of time and one-half for her overtime work hours, Defendants crafted and maintained an illegal policy of only paying Plaintiff and its other employees their respective regular rate for all hours worked.

32.    As a condition of employment, Defendants required Plaintiff and its other employees to execute an agreement waiving their right to overtime compensation calculated at a rate of time and one-half. *See* Defendants' "No Overtime Agreement," attached hereto as Exhibit "A."

33.    Also, as a condition of employment, Defendants required Plaintiff and its other employees to execute another agreement that purported to classify them as independent contractors. *See* Defendants' "Independent Contractor" Agreement, attached hereto as Exhibit "B."

34.    Defendants' actions in this regard to avoid its overtime obligation by asking workers to sign an agreement to be paid straight time rates for all hours worked and an erroneous independent contractor agreement constitute a willful violation of the FLSA.

35.    Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

36.    Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

37.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

38.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS

39.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

40.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

41.     During his employment with named Defendants, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

42.     In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

43.     Defendants acted with direct control over the work, pay, and job duties of Plaintiff.

44.     Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment.

45.     Defendants determined Plaintiff's rate and method of payment.

46.     Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

47.     As a result, Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40)

per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

48.    As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

49.    Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

50.    Plaintiffs demand a trial by jury.

## COUNT II - DECLARATORY RELIEF AGAINST DEFENDANTS

51.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

52.    Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists

53.    The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202

54.    Plaintiff may obtain declaratory relief.

55.    Plaintiff was individually covered by the FLSA.

56.    Defendants failed to pay Plaintiff for all the hours worked.

57.    Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

58.    Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

59.    Defendants did not rely on a good faith defense.

60.    Plaintiff is entitled to an equal amount of liquidated damages.

61.    It is in the public interest to have these declarations of rights recorded.

62.    Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

63.    The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

64.    Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.    Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.    Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.    Awarding Plaintiff pre-judgment interest;

f.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so trial as a matter of right by jury.

DATED, this the 15th day of April, 2016.

Respectfully Submitted,

**HEATH MAY**
**PLAINTIFF**

**CHRISTOPHER W. ESPY, ESQ**.

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
188 East Capitol Street, Suite 777
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

**ATTORNEY FOR PLAINTIFF**